MERRICK GARLAND
Attorney General
KRISTEN CLARKE
Assistant Attorney General for Civil Rights
CARRIE PAGNUCCO
Chief
R. TAMAR HAGLER (Cal. Bar No. 189441)
Deputy Chief
ROSHNI SHIKARI
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 598-1575

PHILLIP A. TALBERT
United States Attorney
ROBERT A. FUENTES (Cal. Bar No. 308545)
Assistant United States Attorney
Eastern District of California
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Tel: (559) 497-4000

Attorneys for Plaintiff United States of America

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| JAVIER SALAZAR JR. (aka JUVENAL SALAZAR); JAVIER SALAZAR SR.; and RICARDO COVARRUBIAS. | *Demand for Jury Trial* |
| Defendants. | |

**COMPLAINT**

The United States of America alleges as follows:

COMPLAINT                                                                                                                    0

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* (the "Fair Housing Act" or "FHA").

2. The United States brings this action under 42 U.S.C. § 3612(o) on behalf of Angela McGinnis.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o)(1).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the Eastern District of California, and Defendants reside or do business in the Eastern District of California.

## THE DEFENDANTS AND SUBJECT PROPERTY

5. Defendant Javier Salazar Jr. ("Defendant Salazar Jr.") is a resident of Bakersfield, California. Defendant Salazar Jr. also is known as Juvenal Salazar.

6. Defendant Javier Salazar Sr. ("Defendant Salazar Sr.") is a resident of Bakersfield, California.

7. Defendant Ricardo Covarrubias ("Defendant Covarrubias") is a resident of Van Nuys, California.

8. At all times relevant to this action, Defendant Covarrubias owned at least four residential rental properties, including the single-family home located at 1916 South M Street in Bakersfield, California ("the Subject Property").

9. At all times relevant to this action, Defendant Salazar Sr. and his son, Defendant Salazar Jr., managed the Subject Property, and Defendant Salazar Jr. performed maintenance and repairs at the Subject Property.

10. The Subject Property, a single-family home, is a "dwelling" within the meaning of

COMPLAINT                                                                                              1

the Fair Housing Act (42 U.S.C. § 3602(b)).

**FACTUAL ALLEGATIONS**

11. In December 2018, Ms. McGinnis signed a lease and moved into the Subject Property. Ms. McGinnis resided in the Subject Property with her two minor children until approximately March 29, 2019.

12. From December 2018 through March 2019, Defendant Salazar Jr. subjected Ms. McGinnis to discrimination on the basis of sex, including unwelcome sexual harassment that was severe or pervasive. Defendant Salazar Jr.'s harassment was conducted in person, through phone calls, and via text messages, including:

   a. referring to or describing Ms. McGinnis using terms like "beautiful," "sweetie," "mamacita," "chula," and "babe";

   b. telling Ms. McGinnis, on several occasions, he wanted to perform sexual acts with her, including telling her "I want to have sex with you," "I want to make love to you," "I want to eat you out," "I want to eat your tight pussy," and "I want to suck your pussy so good";

   c. telling Ms. McGinnis he had a "big dick";

   d. telling Ms. McGinnis, on several occasions, that he wanted to be with her, get married, and have her as his wife;

   e. in response to Ms. McGinnis complimenting a car he was driving by saying "nice Range Rover" or words to that effect, telling Ms. McGinnis she could have the car if she had sex with him or was his wife or girlfriend;

   f. telling Ms. McGinnis that he knows it is hard paying rent, and that if she had sex with him he would not make her pay rent;

   g. when drinking and socializing at a neighboring property, calling or texting Ms. McGinnis to tell her he could see her or, if she had a male friend over,

          tell her he could see her boyfriend;

    h.    telling Ms. McGinnis when she was at work that he missed her;

    i.    frequently and unnecessarily calling and texting Ms. McGinnis and then challenging her when she ended the conversation quickly (e.g., "Why you hang up miga. [sic]") or did not respond to his texts (e.g., "you don't answer are u mad. [sic]");

    j.    asking Ms. McGinnis to send him pictures of herself;

    k.    entering Ms. McGinnis's home unannounced and taking digital photographs of printed pictures Ms. McGinnis had in her house of herself and her daughter;

    l.    touching her thigh; and

    m.    grabbing her genital area over her pants.

13. Defendant Salazar Jr.'s actions were unsolicited and unwelcomed by Ms. McGinnis and Ms. McGinnis opposed his harassment repeatedly, including by texting him "you need to be professional when you talk to me" and "I just find what you do a little bit creepy…I'm not ever going to have sex with you or anything of that nature."

14. Ms. McGinnis reported Salazar Jr.'s harassment to Salazar Sr. on or around February 25, 2019. Because Salazar Sr. primarily speaks Spanish and has limited English proficiency, Ms. McGinnis's neighbor called Salazar Sr. on her behalf and reported Salazar Jr.'s harassment of her. Salazar Sr. said he would address the behavior, but the harassment continued unabated.

15. Salazar Sr. had the power and ability to end Salazar Jr.'s harassing conduct but failed to do so.

16. Further, the Salazars retaliated against Ms. McGinnis for reporting and opposing Defendant Salazar Jr.'s discriminatory conduct.

COMPLAINT                                                                                                                                            3

17. On February 28, 2019, Ms. McGinnis called the gas utility company, Pacific Gas and Electric, because she smelled gas and suspected a gas leak at the Subject Property. Pacific Gas and Electric representatives came to inspect the Subject Property. They shut off the gas to Ms. McGinnis's unit and issued a hazard notice indicating that the gas connections to her heater and dryer were unsafe and needed to be repaired by a licensed contractor before gas service could be restored.

18. Ms. McGinnis informed Salazar Jr. that her gas, and therefore her heat, had been shut off and the gas line connections to the heater and dryer needed repairs. While Salazar Jr. was at the Subject Property examining the gas line, he made sexually harassing comments to Ms. McGinnis and reached out to touch her. She told him not to touch her and that he could not continue to speak to her in an unprofessional manner and told him that if he continued to behave inappropriately with her, she was going to get a lawyer or report his conduct to the police. In response, Salazar Jr. told her if she was not going to be nice to him, he was not going to help her, or words to that effect.

19. Because Ms. McGinnis did not know who else she could call to help with the gas issue, she continued to try to get Salazar Jr. to make the needed repairs. When it became apparent that Salazar Jr. was not equipped to make the repairs and Ms. McGinnis urged him to get a licensed contractor to address the issue, he responded by propositioning her, saying things to the effect of "why won't you be my wife" or "you should have sex with me."

20. McGinnis also pleaded with Salazar Sr. to fix the heat in her house. On or around March 4, she texted Salazar Sr., "I can't have my kids here with no heat…I don't want your son here call a licensed contractor."

21. On or around March 29, 2019, after a month without heat or a dryer, Ms. McGinnis and her minor children left the Subject Property and went to stay with her father.

22. Ms. McGinnis moved most of her belongings out of the Subject Property on or

COMPLAINT 4

around April 1, 2019. When she came to the Subject Property on or around April 2 to collect a few remaining items and return her key, Defendants had already changed the locks and put a padlock on the fence, preventing Ms. McGinnis from collecting the last of her belongings.

23. When Ms. McGinnis contacted Salazar Jr. about Defendants returning her security deposit, he refused to mail it to her and told her she would have to come to his house to get it. Not wanting any further interactions with Salazar Jr., Ms. McGinnis declined to do so, and never received her security deposit.

24. Defendant Covarrubias engaged Salazar Jr. to act as his agent, or knew and acquiesced to Salazar Jr. acting as his agent, in performing management and maintenance duties at the Subject Property. The sexual harassment and retaliation described above occurred within the scope of Defendant Salazar Jr.'s agency relationship with Defendant Covarrubias or was aided by the existence of that agency relationship. Defendant Covarrubias is vicariously liable for Defendant Salazar Jr.'s conduct.

25. Defendant Covarrubias engaged Salazar Sr. to act as his agent in performing management duties at the Subject Property. Salazar Sr.'s failure to correct and end Salazar Jr.'s harassment of Ms. McGinnis and his retaliation against her occurred within the scope of Defendant Salazar Sr.'s agency relationship with Defendant Covarrubias or was aided by the existence of that agency relationship. Defendant Covarrubias is vicariously liable for Defendant Salazar Sr.'s conduct.

26. The above-described actions and inactions of Defendants caused Ms. McGinnis to suffer economic harm and emotional distress.

## HUD ADMINISTRATIVE PROCESS

27. On or around October 28, 2019, Ms. McGinnis filed a timely fair housing complaint with the United States Department of Housing and Urban Development ("HUD") alleging discrimination in the rental of the Subject Property because of sex.

COMPLAINT                                                                                                                      5

28. Pursuant to 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based upon the information gathered in the investigation, the Secretary determined that reasonable cause existed to believe that Defendants violated the Fair Housing Act. On July 11, 2023, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in unlawful sex discrimination and retaliation.

29. On July 28, 2023, Ms. McGinnis elected to have the claims asserted in the HUD Charge of Discrimination resolved in a civil action pursuant to 42 U.S.C. § 3612(a).

30. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

31. Plaintiff realleges and incorporates by reference herein the allegations described above.

32. By the actions and statements described above, Defendants have:

    a. Denied housing or otherwise made housing unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

    b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

    c. Made statements with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

    d. Coerced, intimidated, threatened, or interfered with a person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted or protected by 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617.

33. Ms. McGinnis is an "aggrieved person" as defined in 42 U.S.C. § 3602(i) and has

suffered damages as a result of Defendants' discriminatory conduct.

34. Defendants' discriminatory conduct was intentional, willful, and taken in reckless disregard of the rights of Ms. McGinnis.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that this Court enter an Order that:

35. Declares that Defendants' actions, policies, and practices, as alleged in this Complaint, violate the FHA;

36. Enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

    a. Engaging in discrimination on the basis of sex in any aspect of the rental or lease of a dwelling;

    b. Engaging in discrimination on the basis of sex in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith;

    c. Engaging in discrimination on the basis of sex by making statements with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on sex;

    d. Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by 42 U.S.C. § 3604;

    e. Failing or refusing to take such affirmative steps as may be necessary to restore Ms. McGinnis, as nearly as practicable, to the position she would have been in but for the discriminatory conduct; and

    f. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to

eliminate, to the extent practicable, the effects of Defendants' unlawful housing practices; and

37. Awards monetary damages to Ms. McGinnis in accordance with 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

38. The United States further prays for such additional relief as the interests of justice may require.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the United States hereby demands a trial by jury.

Dated: August 28, 2023

Respectfully submitted,

MERRICK GARLAND
Attorney General

| | |
|---|---|
| PHILLIP A. TALBERT<br>United States Attorney<br>Eastern District of California | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| | CARRIE PAGNUCCO<br>Chief |
| /s/ Robert A. Fuentes<br>ROBERT A. FUENTES<br>Assistant United States Attorney | /s/ Roshni Shikari<br>R.TAMAR HAGLER<br>Deputy Chief<br>ROSHNI SHIKARI<br>Trial Attorney<br>Attorneys for Plaintiff<br>United States of America |