UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JAVIER SALAZAR, JR., *et al.*,<br><br>          Defendants. | Case No. 1:23-cv-01282-JLT-CDB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO OBTAIN COUNSEL<br><br>(Doc. 27)<br><br>**21-DAY DEADLINE** |

On August 28, 2023, Plaintiff United States of America initiated this action with the filing of a complaint against Defendants Javier Salazar, Jr., Javier Salazar, Sr., and Ricardo Covarrubias (hereinafter collectively "Defendants"). (Doc. 1). After granting Plaintiff extensions of time to effect service (Docs. 6, 8), on November 25, 2023, Plaintiff served the summons and complaint as to Defendants Salazar Jr. and Salazar Sr. (Docs. 9-10). Plaintiff served the summons and complaint as to Defendant Covarrubias on February 8, 2024. (Doc. 13).

In connection with communications Plaintiff had with one or more of the Defendants concerning its service attempts, in October 2023, Defendant Salazar, Jr. represented to Plaintiff that he intended to attempt to retain counsel. (Doc. 5). On March 6, 2024, Defendants represented to Plaintiff they would like 90 days to seek counsel and may seek a stay of the Court's proceedings to facilitate their efforts to retain counsel. (Doc. 16). Nevertheless, as Defendants already had defaulted on their

1

1  obligation to timely respond to the complaint, on March 12, 2024, Plaintiff filed requests for entry of
2  default as to all Defendants.  (Doc. 19).  The Clerk of the Court entered defaults as to all Defendants
3  on March 12, 2024.  (Docs. 20-22).

4        On April 12, 2024, Plaintiff filed a motion for default judgment, monetary damages, and
5  injunctive relief against Defendants.  (Doc. 24).  On May 22, 2024, the Court convened for hearing on
6  Plaintiff's motion for default judgment.  (Doc. 25).  Counsels Roshni Shikari and Robert Fuentes
7  appeared on behalf of Plaintiff via Zoom videoconference.  *Id*.  Defendants appeared on behalf of
8  themselves, and Anna Covarrubias (a family member of Defendant Covarrubias) appeared to assist
9  Defendants with English-to-Spanish interpretation.  (Doc. 25).  During the hearing, the Court advised
10 Defendants of the procedural posture of the case, including that the Clerk of the Court had entered
11 defaults against Defendants because they had failed to respond to the complaint, and admonished
12 Defendants that, having appeared in the action and subjected themselves to the Court's personal
13 jurisdiction, they were obligated to follow local rules of Court and the Court's orders.  *Id*.

14       At the conclusion of the hearing, Defendants requested additional time to seek and retain
15 counsel.  (Doc. 26).  Given its assessment that Defendants had already been afforded ample time and
16 opportunities to seek out and retain counsel, the Court ordered Defendants within 14 days to file
17 either: (1) a notice of attorney appearance on their behalf; (2) a notice of intent to continue proceeding
18 pro se; or (3) a notice of request demonstrating good cause for additional time within which to retain
19 an attorney.  *Id*.

20       Pending before the Court is Defendants' motion for an extension of time to obtain counsel,
21 timely filed on June 3, 2024.  (Doc. 27).  Defendants assert they have made multiple attempts to retain
22 an attorney but still require and request additional time.  *Id*.  Defendants identify no other grounds
23 warranting any additional extension of time.

24       The Court concludes that Defendants have carelessly abdicated their duties under federal law
25 and the Court's local rules to meaningfully participate in this litigation.  In particular, Defendant
26 Salazar Jr. reported and confirmed at the May 22, 2024, hearing that, as Plaintiff represented in its
27 earlier status report, he had been seeking to retain counsel since October 2023 (*e.g.*, for more than six
28 months since being served with the complaint).  (Docs. 5, 26).  Moreover, Defendants Salazar Sr. and

Covarrubias do not dispute that, as represented by Plaintiff, they have spent approximately three months attempting to retain counsel.  (Doc. 16).  In short, the Court has generously afforded Defendants more than ample time to seek out and retain counsel but cannot delay indefinitely its obligation to provide for the "just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

      Accordingly, it is HEREBY ORDERED:

1. Defendants' motion for an extension of time to obtain counsel (Doc. 27) is GRANTED, and
2. Within 21 days from the date of service of this order, Defendants shall file either (1) notices of appearance of counsel on their behalf, or (2) an opposition to Plaintiff's pending motion for default judgment (Doc. 24).

      Defendants are forewarned that the Court will not entertain any further requests for extensions of time to retain counsel.  Should Defendants fail to timely comply with this order, the Court will construe their failure to timely oppose Plaintiff's motion for default judgment as a non-opposition (*see* Local Rule 230(c)).

      **Failure to timely comply with this order may result in the imposition of sanctions, including financial sanctions**.

IT IS SO ORDERED.

Dated:   **June 6, 2024**

UNITED STATES MAGISTRATE JUDGE