UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>JAVIER SALAZAR, JR., *et al*.<br><br>             Defendants. | Case No. 1:23-cv-01282-JLT-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; AND GRANTING MOTION FOR DEFAULT JUDGMENT AS MODIFIED<br><br>(Docs. 24, 32) |

    The United States of America initiated this action against Javier Salazar, Jr., Javier Salazar Sr., and Ricardo Covarrubias. (Doc. 1.) Plaintiff brought this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, et seq. (the "Fair Housing Act" or "FHA"), on behalf of Angela McGinnis. (Doc. 1 at ¶¶ 1-2.)

    On March 13, 2024, the Clerk of the Court entered defaults as to all Defendants. (Doc. 20-22.) Plaintiff moved for default judgment (Doc. 24). Defendants did not timely oppose or otherwise respond to the motion. The Court held a hearing on the motion on May 22, 2024. (Docs. 25-26.) Attorneys Roshni Shikari and Robert Fuentes appeared on behalf of Plaintiff via videoconference. (Doc. 25.) Defendants appeared in person (marking their first appearance in this action). *Id*. Anna Covarrubias, a relative of Defendant Covarrubias, also attended the hearing and appeared to assist Defendants with English-to-Spanish interpretation. (*Id*.) Defendants confirmed their addresses and were advised of the procedural posture of the case including the entries of

default against them. (Doc. 26.) The magistrate judge admonished Defendants as to their duty as pro se parties to review and comply with the Court's Local Rules unless and until an attorney appeared on their behalf. (*Id.*) Plaintiff's motion was argued, and the Court thereafter directed Plaintiff to file supplemental briefing regarding the relief requested. (*Id.*)

On June 6, 2024, the magistrate judge granted Defendants' motion for an extension of time to obtain counsel but noted that Defendants had carelessly abdicated their duties under federal law and the Court's local rules and already had been afforded more than ample time to seek out and retain counsel. (Doc. 29.) The Court nonetheless provided Defendants an additional 21 days to file either (1) notices of appearance of counsel on their behalf, or (2) an opposition to Plaintiff's pending motion for default judgment. (*Id.* at 3.) Defendants were further forewarned that the Court would not entertain any further requests for extensions of time to retain counsel and that any failure to timely oppose Plaintiff's motion for default judgment would be construed as a non-opposition. (*Id.* (citing Local Rule 230(c).)

On June 27, 2024, Defendants filed a second motion for an extension of time to obtain counsel. (Doc. 31.) Defendants claimed they had located an attorney and had an appointment with a law firm to discuss the case. (*Id.*) Defendants requested "additional time for our attorney to study the case and for the hearing to be with adequate information from all parties." (*Id.*) To date, no counsel has filed a notice of appearance on behalf of any of the Defendants, and Defendants have not filed any opposition to Plaintiff's motion for default judgment.

On August 19, 2024, the magistrate judge issued findings and recommendations to grant Plaintiff's motion for default judgment, finding the record established that Defendants violated the FHA and justified an award of compensatory damages against all Defendants jointly and severally in the amount of $30,000, punitive damages against Defendant Salazar Jr. in the amount of $12,500, and punitive damages against Defendant Salazar Sr. in the amount of $2,500, for a total of $45,000. (Doc. 32.) The magistrate judge also addressed Plaintiff's various requests for injunctive relief, recommending that the Court: (a) order all Defendants attend a training on the FHA; (b) enjoin all Defendants from violating the FHA; (c) require Defendant Covarrubias to adopt a written policy against sexual harassment for all rental properties he owns, ensure all of his

1 agents are familiar with the requirements of the FHA, and post an "Equal Housing Opportunity"
2 sign in any rental office he or any of his agents may use; and (d) enjoin Defendant Salazar Jr.
3 from contacting or communicating either directly or indirectly with McGinnis. (*Id*.)

4 However, the magistrate judge did not recommend imposition of a separate form of
5 injunctive relief requested by Plaintiff: that Defendant Salazar Jr. "be permanently enjoined from
6 directly or indirectly performing any property management or maintenance responsibilities at any
7 residential property." (*See* Doc. 32 at 24 (quoting Doc. 24 at 15-16).) The magistrate judge
8 described this as a request to permanently bar Defendant Salazar Jr. "from working in his
9 profession," and found the request to be "overbroad" because it went beyond the claims brought
10 by Plaintiff, which concerned sexual harassment of a female tenant. (*Id*. at 27-28.)

11 The findings and recommendations advised the parties that they may file written
12 objections within 21 days and that "failure to file objections within the specified time may result
13 in the waiver of rights on appeal." (Doc. 32 at 29 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839
14 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).) The findings and
15 recommendations were served by mail on Defendants at their confirmed addresses. (*See general*ly
16 Docket.) Defendants did not file objections or any other response, and the deadline to do so has
17 passed. On September 9, 2024, Plaintiff filed objections to the recommended denial of the request
18 to permanently enjoin Defendant Salazar Jr. from performing property management or
19 maintenance responsibilities at residential properties. (Doc 33 at 3.) In the objections, Plaintiff
20 reiterated its position that this provision was necessary to mitigate the risk of Defendant Salazar
21 Jr. sexually harassing tenants. (*Id*. at 6.) Plaintiff again requested that the Court "award the relief
22 sought in full," but in the alternative, "[s]hould the Court not be inclined to grant a permanent
23 injunction against Salazar Jr. performing property management responsibilities," Plaintiff
24 requested that he be barred from performing these functions for a period of at least five years. (*Id*.
25 at 8.)

26 Pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this Court conducted a *de novo*
27 review of this case. Having carefully reviewed the entire matter, this Court concludes the findings
28 and recommendations are fully supported by the record and by proper analysis but will exercise

3

its "flexible" equitable powers to depart from the magistrate judge's recommendation as to the injunctive relief provision regarding Defendant Salazar Jr. performing property management services.

Relevant to that issue is *Macias v. Lange*, No. 14CV2763-GPC(JMA), 2017 WL 2445516, at *10 (S.D. Cal. June 6, 2017), cited in the findings and recommendations. (*See* Doc. 32 at 28.) *Macias* addressed a similar proposed injunction that would have barred a landlord from contacting all his tenants (both male and female). 2017 WL 2445516, at *10. The court found that request to be overbroad because "[t]he claims brought by Plaintiff were sexual harassment claims made against her as a female," and "[e]njoining Defendant's contact with his male tenants would not address the specific harm suffered by Plaintiff, a female." *Id*. The court also found notable the fact that the case involved "one female tenant" with whom the defendant had a "special relationship" because she also cleaned his rental properties. *Id*. at *10 n. 13. In addition, the injunction was deemed "overbroad as to time" because the plaintiff had not justified an "unlimited time injunction requiring the Court to oversee the injunction for the lifetime of Defendant." *Id*. at *10.

The findings and recommendations are correct that the cases cited by Plaintiff (including those attached to their objections) are distinguishable, having involved proof of multiple violations, more developed records, and/or consent decrees by which the property manager in question agreed to be barred from performing functions of that type. Nonetheless, as the findings and recommendations recognize, "[w]here a fair housing violation has occurred, a district court has broad and flexible equitable powers to fashion a remedy that will fully correct past wrongs." *S. Cal. Hous. Rights.Ctr. v. Krug*, 564 F. Supp. 2d 1138, 1145 (C.D. Cal. 2007). Having reviewed this entire record in detail, the Court finds Defendant Salazar Jr.'s conduct to be disturbing enough to render the other injunctive relief provisions insufficient. His conduct involved, among other things, repeatedly subjecting Ms. McGinnis to aggressive, unwanted sexual solicitations; unwanted physical contact, including with her genitalia; and retaliation when she rebuffed his advances. The text messages attached to the motion for default judgment (*see* Doc. 24-1) speak for themselves and counsel against allowing Mr. Salazar Jr. to have contact with other tenants.

4

*Macias* suggests an injunction might be more appropriate if it only prohibited Defendant Salazar Jr. from providing property management services to female tenants. There are practical problems with this approach, however. As Plaintiff argues in its objections:

> A gender-specific injunction against Salazar Jr. would be unworkable and run counter to the goal of eliminating sex discrimination in housing. If Salazar Jr. is only prohibited from interacting with female tenants, those tenants would be subject to different terms and conditions on the basis of their sex. For example, female tenants seeking to address a maintenance need would need to engage the help of a male friend or relative, or find another workaround to avoid Salazar Jr., that male tenants would not need to utilize.

(Doc. 33 at 6.) The Court therefore agrees with Plaintiff that "[e]njoining Salazar Jr. from interacting with any tenants is relief that is no broader than necessary to achieve the goal of mitigating the risk of Salazar Jr. sexually harassing tenants." (*Id.*)

The Court remains concerned about the temporal scope of the proposed injunction, which would be <u>permanent</u>. The conduct in this case is very serious, but absent a record demonstrating that Defendant Salazar Jr. has acted inappropriately toward others, the Court finds it appropriate to put some expiration date on the injunctive relief provision barring Defendant Salazar Jr. from serving as a property manager. Thus, the Court will instead limit the ban against Defendant Salazar Jr. performing property management or maintenance services at residential rental properties to ten years.

## CONCLUSION AND ORDER

For the reasons set forth above, the August 19, 2024, findings and recommendations (Doc. 32) are **ADOPTED IN PART**.

1. Plaintiff's motion for default judgment (Doc. 31) is **GRANTED**.
2. Defendants shall pay $45,000 to Angela McGinnis within 30 days of entry of this order, as detailed above. Payment will be made in the form of a cashier's check or money order made payable to Angela McGinnis and mailed to her counsel via Priority Mail: Jina Kim, Greater Bakersfield Legal Assistance, Inc., 615 California Ave., Bakersfield, CA 93304.
3. Defendants Javier Salazar Sr., Juvenal Salazar ("Salazar Jr."), and Ricardo Covarrubias

5

are permanently enjoined from violating the Fair Housing Act, 42 U.S.C. § 3601 et seq.

4. Defendant Salazar Jr. is enjoined for a period of ten years from the date of service of this order from:

   a. Directly or indirectly performing any property management or maintenance responsibilities at any residential property, including advertising dwelling units for rent; showing or renting housing units; processing rental applications; supervising or performing repairs or maintenance; negotiating rents and security deposits; determining tenant eligibility for subsidies or waivers of fees and rent; determining whom to rent to, whom to evict, and/or whose lease to renew or not renew; inspecting dwelling units; collecting rent and fees; overseeing any aspects of the rental process; engaging in any other property-related activities that involve, or may involve, direct or indirect personal contact with tenants or prospective tenants; or operating, consulting, managing, staffing, participating in, working in (whether paid or unpaid), or otherwise having any involvement in the management, or maintenance of, rental dwellings;

   b. Purposely or knowingly contacting or communicating with, either directly or indirectly, Angela McGinnis; and

   c. Entering any rental property owned by Covarrubias or managed by Salazar Sr. for any reason, other than any property that is the residence of any Defendant; and

5. Defendants are required to attend a training on the requirements of the Fair Housing Act, and shall certify they have done so by filing an affidavit and proof of completion of the training with the Court within 60 days of entry of this order.

6. Defendant Ricardo Covarrubias is required to:

   a. Adopt a written policy against sexual harassment, including a formal complaint procedure, for all rental properties he owns and shall file a copy of the policy with the Court within 60 days of entry of this order;

   b. Ensure that all his agents who will be performing any duties related to his residential rental properties are familiar with the requirements of the Fair Housing Act; and

   c. Post an "Equal Housing Opportunity" sign in any rental office he or any of his agents

may use.

7. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**October 27, 2024**__                                  _Jennifer L. Thurston_
                                                                 UNITED STATES DISTRICT JUDGE