1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,            Case No. 1:23-cv-01282-JLT-CDB

12              Plaintiff,                 FINDINGS AND RECOMMENDATIONS TO
                                           DENY DEFENDANTS' MOTION TO SET
13         v.                              ASIDE DEFAULT JUDGMENT

14    JAVIER SALAZAR, JR., *et al.*,       (Doc. 37)

15              Defendants.
                                           **14-DAY OBJECTION PERIOD**
16

17

18         Pending before the Court[1] is the motion of Defendants Javier Salazar, Jr., Javier Salazar,

19   Sr., and Ricardo Covarrubias (collectively, "Defendants") to set aside default judgment, filed on

20   November 25, 2024. (Doc. 37). Plaintiff United States of America ("Plaintiff") timely filed an

21   opposition to the motion (Doc. 39); Defendants did not reply. The undesigned deems the motion

22   suitable for resolution without hearing and oral argument, and accordingly, the motion hearing

23   noticed for November 19, 2025, is HEREBY VACATED. *See* E.D. Cal. Local Rule 230(g). For

24   the reasons set forth below, the undersigned will recommend Defendants' motion be denied.

25

26

27

28         [1] On December 2, 2024, the Honorable District Judge Jennifer L. Thurston referred the
     pending motion to the undersigned for appropriate action. (Doc. 38).

1    **I.    Background**[2]

2         On August 28, 2023, Plaintiff United States of America ("Plaintiff") initiated this action

3    with the filing of a complaint to enforce the provisions of Title VIII of the Civil Rights Act of 1968,

4    as amended, 42 U.S.C. §§ 3601, *et. seq.* (the "Fair Housing Act" or "FHA") on behalf of Angela

5    McGinnis ("McGinnis") against Defendants. (Doc. 1). Plaintiff alleges that Defendants – in their

6    respective capacities as apartment building owner and rental managers – subjected McGinnis to

7    discrimination on the basis of sex, including unwelcome sexual harassment that was severe or

8    pervasive. (*Id.*).

9         The Court set an initial scheduling conference for November 20, 2023. (Doc. 3). On

10   October 26, 2023, Plaintiff filed an *ex parte* application to continue the scheduling conference as

11   Plaintiff had yet to effectuate service of the complaint. (Doc. 5). Counsel for Plaintiff declared he

12   had contacted Defendant Salazar Jr. by telephone and Defendant Salazar Jr. indicated that he

13   wanted time to obtain counsel. (*Id.*, Declaration of Roshni Shikari at ¶ 3). On December 15, 2023,

14   Plaintiff filed executed proofs of service of summons and complaint as to Defendants Salazar Jr.

15   and Salazar Sr., and on February 9, 2024, Plaintiff filed an executed proof of service of summons

16   and complaint as to Defendant Covarrubias. (Docs. 9-10, 13).

17        On March 6, 2024, the undersigned noted Defendants had failed to timely respond to the

18   complaint and ordered Plaintiff to apply for entry of default as to all Defendants and to serve a copy

19   of the Court's order on Defendants. (Doc. 14) (citing Fed. R. Civ. P. 12(a)(1)(A)). On March 11,

20   2024, Plaintiff filed a status report to apprise the Court of recent communications between its

21   counsel and Defendants. (Doc. 16). Counsel for Plaintiff represented that she had spoken with

22   Defendant Salazar Jr. by telephone several times and all parties held a teleconference on March 4,

23   2024, during which Plaintiff explained to Defendants that they were in default and Defendant

24   Covarrubias asserted he intended to obtain counsel but needed 90 days to do so. (*Id.* at 2). Further,

25

26

27        [2] The undersigned incorporates by reference the background section of the Court's August
     19, 2024, findings and recommendations, which more comprehensively details Plaintiff's
28   allegations and this action's procedural history. *See* (Doc. 32 at 2-7); (Doc. 35) (order adopting in
     relevant part findings and recommendations).

1    Defendants reportedly informed Plaintiff's counsel that they would file with the Court a request for

2    more time or a stay to obtain counsel and respond to the complaint. (*Id*.). The next day, Plaintiff

3    filed a request for entry of default as to all Defendants. (Doc. 19). On March 13, 2024, the Clerk

4    of the Court entered defaults against all Defendants. (Docs. 20-22). On April 12, 2024, Plaintiff

5    filed an unopposed motion for default judgment against Defendants. (Doc. 24).

6        The Court convened for hearing on Plaintiff's motion on May 22, 2024. (Docs. 25-26).

7    Counsel Roshni Shikari and Robert Fuentes appeared on behalf of Plaintiff via videoconference.

8    (Doc. 25). Defendants appeared in-person and pro se (marking their first appearance in this action).

9    (*Id*.). Anna Covarrubias, a relative of Defendant Covarrubias, also attended the hearing and

10   appeared to assist Defendants with English-to-Spanish interpretation. (*Id*.). Defendants confirmed

11   their addresses and were advised by the Court of the procedural posture of the case including the

12   entries of default against them. (Doc. 26). The Court admonished Defendants of their duty as pro

13   se parties to review and comply with the Court's Local Rules unless and until an attorney appeared

14   on their behalf. (*Id*.). Plaintiff's motion was argued, and the undersigned thereafter directed

15   Plaintiff to file supplemental briefing regarding the relief requested. (*Id*.).

16       At the conclusion of the hearing, Defendants requested additional time to retain counsel.

17   (*Id*.). The undersigned noted that Defendants had already been afforded ample time and

18   opportunities to seek out and retain counsel, noting in particular that Defendant Salazar Jr. had

19   voiced to Plaintiff his interest in retaining counsel as early as October 2023 (*see* Doc. 5) and that

20   Defendant Covarrubias similarly had expressed to counsel for Plaintiff his intention to obtain

21   counsel some two-and-one half months earlier (*see* Doc. 16). Accordingly, the undersigned ordered

22   that within 14 days, Defendants file either a notice of attorney appearance on their behalf, a notice

23   of intent to continue to represent themselves pro se, or a notice of request demonstrating good cause

24   for additional time within which to retain an attorney. (Doc. 26). The undersigned admonished

25   Defendants that, if they sought additional time, the undersigned would grant an extension and

26   expect that the Defendants "move" expeditiously on any additional time granted and "not delay any

27   further." (*Id*. tr. 10:55:15 a.m. – 10:55:29 a.m.).

28

1    Defendant promptly filed a renewed request for an extension of time to retain counsel.

2    (Doc. 27), and on June 6, 2024, the undersigned granted Defendants' motion. (Doc. 29). The

3    undersigned found Defendants had carelessly abdicated their duties under federal law and the

4    Court's local rules and had been generously afforded more than ample time to seek out and retain

5    counsel. (*Id*. at 2-3). However, the undersigned provided Defendants an additional 21 days to file

6    either (1) notices of appearance of counsel on their behalf, or (2) an opposition to Plaintiff's pending

7    motion for default judgment. (*Id*. at 3). The undersigned forewarned Defendants that the Court

8    would not entertain any further requests for extensions of time to retain counsel and that the Court

9    would construe their failure to timely oppose Plaintiff's motion for default judgment as a non-

10   opposition. (*Id.*) (citing Local Rule 230(c)).

11   On June 27, 2024, Defendants filed a second motion for an extension of time to obtain

12   counsel. (Doc. 31). Defendants represented they had located an attorney and had an appointment

13   with Wade Law Group on June 26, 2024, for the law group to inquire more about their case. (*Id*.).

14   Defendants requested "additional time for our attorney to study the case and for the hearing to be

15   with adequate information from all parties." (*Id*.).

16   Thereafter, following a protracted period of time during which Defendants failed to abide

17   by the Court's order to file either notices of attorney appearance or an opposition to Plaintiff's

18   motion for default judgment, on August 19, 2024, the undersigned (1) entered an order denying as

19   moot Defendants' second motion for an extension of time to obtain counsel, and (2) issued findings

20   and recommendations to grant Plaintiff's motion for default judgment. (Doc. 32). In relevant part,

21   the undersigned found the record established that Defendants violated the FHA and justified an

22   award of compensatory damages against all Defendants jointly and severally in the amount of

23   $30,000, punitive damages against Defendant Salazar Jr. in the amount of $12,500, and punitive

24   damages against Defendant Salazar Sr. in the amount of $2,500, for a total of $45,000. (Doc. 32).

25   In support of finding default judgment warranted, the undersigned noted, among other things, that

26   "[a]s of the date of the order – some three months after the motion hearing and the [u]ndersigned's

27   unequivocal admonishment that Defendants were obligated to participate in this litigation –

28   Defendants have filed neither notices of attorney appearance or oppositions to Plaintiff's motion or

1    any answer to the complaint," and instead, filed a "request for an indefinite extension of time within

2    which to retain counsel." (*Id.* at 23). The undersigned also addressed Plaintiff's various requests

3    for injunctive relief, recommending that the Court: (a) order all Defendants attend a training on the

4    FHA; (b) enjoin all Defendants from violating the FHA; (c) require Defendant Covarrubias to adopt

5    a written policy against sexual harassment for all rental properties he owns, ensure all of his agents

6    are familiar with the requirements of the FHA, and post an "Equal Housing Opportunity" sign in

7    any rental office he or any of his agents may use; and (d) enjoin Defendant Salazar Jr. from

8    contacting or communicating either directly or indirectly with McGinnis. (*See id.*). The

9    undersigned did not recommend imposition of a separate form of injunctive relief requested by

10   Plaintiff: that Defendant Salazar Jr. "be permanently enjoined from directly or indirectly

11   performing any property management or maintenance responsibilities at any residential property."

12   (*Id.* at 24) (quoting (Doc. 24 at 15-16)).

13       Defendants did not file objections or any other response to the findings and

14   recommendations. On October 28, 2024, the assigned district judge entered an order adopting the

15   findings and recommendations in part, granted Plaintiff's motion for default judgment as modified,

16   and directed the Clerk of the Court to close the case. (Docs. 35, 36). The Court exercised its

17   "flexible" equitable powers to depart from the undersigned's recommendation as to the injunctive

18   relief provision regarding Defendant Salazar Jr. performing property management services and

19   found that it "will instead limit the ban against Defendant Salazar Jr. performing property

20   management or maintenance services at residential rental properties to ten years." (Doc. 35 at 4-

21   5).

22       On November 25, 2024, Defendants (through counsel) filed the instant motion to set aside

23   the default judgments entered against them. (Doc. 37).

24   **II.    Governing Authority**

25       Defendants' motion for relief is brought pursuant to Rule 55(c) and Rule 60(b) of the

26   Federal Rules of Civil Procedure "on the basis of excusable neglect." (Doc. 37-1 at 1). "When a

27   defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' 'a court must consider[]

28   three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct

1    that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the

2    default judgment would prejudice the other party.'" *United States v. Aguilar*, 782 F.3d 1101, 1105

3    (9th Cir. 2015) (quoting *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615

4    F.3d 1085, 1091 (9th Cir. 2010)). "This standard … is disjunctive, such that a finding that any one

5    of these factors is true is sufficient reason for the district court to refuse to set aside the default [or

6    default judgment]." (*Id.*).

7         Courts must remain mindful that "judgment by default is a drastic step appropriate only in

8    extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615

9    F.3d at 1095 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)). However, in

10   determining whether a party is entitled to relief from judgment, district courts need not explain why

11   a particular case is extreme; instead, they need only faithfully apply the three-factor test as set forth

12   above. *Aguilar*, 782 F.3d at 1106.

13   **III.    Discussion**

14           **A.    Culpable Conduct**

15       "[A] defendant's conduct is culpable if he has received actual or constructive notice of the

16   filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in

17   original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled*

18   *on other grounds as stated in Delgado v. Dempsey's Adult Care Homes, LLC*, No. 22-15176, 2023

19   WL 3034263, at *1 (9th Cir. Apr. 21, 2023)). "Intentional" conduct in this sense means "willful,

20   deliberate, or…[in] bad faith," rather than neglectful. *TCI Grp.*, 244 F.3d at 697-98. A

21   "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation

22   negating any intention to take advantage of the opposing party, interfere with judicial decision-

23   making, or otherwise manipulate the legal process is not 'intentional.'" (*Id*. at 697).

24       Where, as here, the defaulting party is not sophisticated—for instance, "is not a lawyer and

25   that ... was unrepresented at the time of the default"—a failure to answer is intentional only if the

26   party "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere

27   with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092

28   (citation omitted).

6

1        Defendants contend that their delay in responding to the action was not culpable because it

2   "was not egregiously long" as Defendants "were not even aware of the lawsuit … until they

3   received notice of the default" and Defendants' delay "in finding proper representation" does not

4   "negatively impact the judicial proceedings[.]" (Doc. 37-1 at 5).  Defendants further contend that

5   they have acted in good faith and that they are not at fault as "they have been unsuccessful in finding

6   sufficient representation."  (*Id.*).  Defendants contend that their "lack of awareness of the pending

7   case against them" and "of the legal system" and their limited English proficiency and

8   comprehension "all come together to form a basis for why Defendants' neglect in answering this

9   action" constitutes excusable neglect.  (*Id.*).

10        Plaintiff contends Defendants are culpable for their failure to respond to the complaint

11  because Defendants have falsely asserted in their declarations that "they became aware of the

12  lawsuit in May 2024 when they received notice of the motion for default judgment," given that the

13  "Salazars were served the summons and complaint in November 2023 … and Covarrubias was

14  served in February 2024[.]" (Doc. 39 at 3).  Plaintiff further argues that Defendants' "more than

15  five-month delay – from the Court's June 6, 2024 order [extending Defendants' time to obtain

16  counsel] to Defendants' motion [to set aside] filed on November 25, 2024 – cannot be deemed

17  excusable neglect."  (*Id.* at 4).  Plaintiff also asserts "[t]he circumstances instead indicate a

18  deliberate and willful failure on part of Defendants to timely defend themselves in this suit" as

19  Defendants were able to follow the Court's directives following the May 22, 2024, hearing in timely

20  filing a request for extension of time to obtain counsel. (*Id.* at 3-4).

21        The undersigned finds Defendants' assertion that their delay in participating in this action

22  "was not egregiously long" to be without merit.  Plaintiff is correct that Defendants' argument and

23  sworn attestations that they purportedly were unaware of this case until May 2024 (Doc. 37-1 at 5;

24  Docs. 37-3, 37-4, 37-5 at ¶ 5) is false.  Defendant Salazar Jr. was aware of and spoke to counsel for

25  Plaintiff about the lawsuit as early as October 2023 (*see* Doc. 5) and Defendant Covarrubias

26  likewise acknowledged his awareness of the lawsuit as early as February 2024 (*see* Doc. 16).  In

27  early-March 2024, all Defendants were served notice that the Court had directed Plaintiff to apply

28  for entry of defaults and to move for default judgment. (Docs. 14, 15).  During a teleconference

1    with Defendants on March 4, 2024, counsel for Plaintiff reasonably agreed to support Defendants'

2    request for time within which to seek to retain counsel.  (Doc. 17).

3         However, despite their assurances to counsel for Plaintiff on March 4, 2024, that they would

4    respond to the complaint and seek from the Court additional time, Defendants neither retained

5    counsel nor sought relief from the Court.  Beginning with their first appearance in the action at the

6    hearing on Plaintiff's motion for default judgment (May 22, 2024) and on two occasions thereafter,

7    the undersigned admonished Defendants of their duty to actively participate in this action.  At the

8    motion hearing, the Court instructed Defendants regarding their duty as pro se parties to review and

9    comply with the Court's Local Rules unless and until an attorney appeared on their behalf, to timely

10   file either a notice of attorney appearance on their behalf, a notice of intent to proceed pro se, or a

11   notice of request demonstrating good cause for additional time within which to retain an attorney,

12   and that the Court expected Defendants "move" on the additional time granted and "not delay any

13   further."  (Doc. 26).  Following the Court's June 6, 2024, extension of time to obtain counsel, the

14   Court admonished Defendants that they had carelessly abdicated their duties under federal law and

15   the Court's local rules despite the generous time afforded to retain counsel and Defendants were

16   forewarned no further requests for extension of time would be entertained and the failure to oppose

17   Plaintiff's motion would be construed as a non-opposition.  (Doc. 29).  On August 19, 2024—more

18   than three months after the motion hearing and the undersigned's numerous admonishments to

19   participate in this litigation—Defendants still had failed to file notices of attorney appearance or

20   oppositions to Plaintiff's motion or any answer to the complaint.  (Doc. 32).  Given Defendants'

21   conduct, the undersigned entered findings and recommendations to grant Plaintiff's motion for

22   default judgment.  (*Id.*).  Defendants failed to file objections to the findings and recommendations

23   or any other response to the action within the time allotted and the Court thereafter adopted the

24   findings and recommendations in part and granted Plaintiff's motion for default judgment as

25   modified.  (Doc. 35).

26        Under these circumstances, Defendants' characterization of their conduct as merely

27   excusably neglectful is baseless.  First, Defendants had notice of the commencement of this lawsuit

28   in October 2023 and February 2024, yet failed to respond to the complaint and acted intransigently

1  throughout their communications with counsel for Plaintiff.  Even after repeated admonishments

2  by the Court that they were obligated either to diligently seek representation by counsel or to

3  comply with their obligations as pro se parties to actively defend the case (*see supra*), Defendants

4  abdicated. *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's

5  conduct is culpable if he has received actual or constructive notice of the filing of the action and

6  [intentionally] failed to answer," such as where he was "fully informed of the legal consequences

7  of failing to respond").  Second, under these circumstances, Defendants' protracted delay in failing

8  to abide by their expressed intention to seek out counsel and participate in the litigation (extending

9  for more than a year prior to the Court's entry of default judgment, *see* Doc. 5) is consistent with

10  an intention to interfere with judicial decisionmaking and otherwise manipulate the legal process

11  *See Mesle*, 615 F.3d at 1092 (reiterating that conduct is culpable where there is no explanation of

12  the default "inconsistent with a devious, deliberate, willful, or bad faith failure to respond").

13      Given Defendants' delay, failure to adhere to the Court's orders and the local rules, and

14  baseless declarations that they did not have notice of the suit against them until May 2024, the

15  undersigned concludes Defendants' conduct is culpable such that their failures to participate in this

16  action appear willful or in bad faith. *TCI Grp.*, 244 F.3d at 697-98.  Thus, this factor weighs against

17  setting aside the default judgment.

18      **B.      Meritorious Defense**

19      The undersigned's finding that Defendants acted culpably relieves the Court of having to

20  consider the existence of a meritorious defense or prejudice to Plaintiff.  *Brandt v. Am. Bankers*

21  *Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (noting "the well-established proposition that

22  a finding of culpability on the part of a defaulting defendant is sufficient to justify the district court's

23  exercise of its discretion to deny relief from a default judgment"); *Meadows*, 817 F.2d at 522

24  (same).  But here, Defendants' failure to identify any meritorious defense further supports the

25  undersigned's recommendation that the default judgment against them should remain intact.

26      In order to have an entry of default set aside, a defendant must also present specific facts

27  that would constitute a meritorious defense. *TCI Grp.*, 244 F.3d at 700.  The burden on a defendant

28  is not extraordinarily heavy. (*Id*.).  Indeed, a defense is considered meritorious if "there is some

1    possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the

2    default." *Haw. v. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("*Stone*"); *see*

3    *Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. CV 06-6298-SBA, 2007 WL 1655793, at *3 (N.D. Cal.

4    June 7, 2007) (movant "need only assert a factual or legal basis that is sufficient to raise a particular

5    defense; the question of whether a particular factual allegation is true is resolved at a later stage.")

6    (citing *TCI Grp.*, 244 F.3d at 700).

7            Defendants contend that applicable affirmative defenses to Plaintiff's FHA claims include

8    "unintentional or misunderstood behavior or false accusations." (Doc. 37-1 at 5).  Defendants argue

9    that the facts show that Salazar Jr. "expressed mere advances of romantic interest and nothing

10   more" and that he "halted said advances upon" learning the feelings "were not reciprocated." (*Id.*).

11   Defendants contend that how McGinnis "perceived these actions is not enough for a sexual

12   harassment claim to be ruled on so hastily." (*Id.* at 5-6).

13           Plaintiff contends Defendants have failed to show they have a meritorious defense. (Doc.

14   39 at 5).  Plaintiff argues Defendants do not assert any facts that dispute the accuracy of the text

15   messages filed as an exhibit to its motion for default (*see* Doc. 24-1), which "on their face establish

16   sexual harassment in violation of the Fair Housing Act[.]")  (*Id.*).

17           Here, despite their bare assertion that the affirmative defenses of "unintentional or

18   misunderstood behavior or false accusations" are applicable to them, Defendants have failed to

19   present any facts challenging the veracity of Plaintiff's claims or otherwise constitute a meritorious

20   defense.  Specifically, although each Defendant proffered a sworn declaration in support of their

21   motion to set aside default judgment, in none of those declarations did any Defendant attest that

22   their conduct was unintentional, or misunderstood, or that McGinnis falsely accused them.  *See*

23   (Doc. 37-3, 37-4, 37-5).  Nor in all events does their bare argument unsupported by any factual

24   allegation that Defendant Salazar Jr. "halted said advances" upon realizing that the advances were

25   not reciprocated (Doc. 37-1 at 6) constitute a defense.  Though the burden on Defendants is not

26   extraordinarily heavy, the Court finds Defendants have failed to show a "factual or legal basis"

27   sufficient to raise a meritorious defense such that this factor weighs against setting aside the default

28   judgment.  *See Bizar v. Dee*, 618 Fed. Appx. 913, 916 (9th Cir. 2015) (finding defendants'

1    "unsubstantiated general denial did not constitute a meritorious defense" and that they waived their

2    opportunity to present specific facts that would constitute a defense by failing to assert such facts

3    in their briefing to the court) (citations omitted); *Audio Toys, Inc.*, 2007 WL 1655793, at \*3.

4        In short, because Defendants failed to identify any potentially viable defenses, "nothing but

5    pointless delay can result from reopening the judgment." *TCI Grp.,* 244 F.3d at 697.

6        **C.    Prejudice**

7        "To be prejudicial, the setting aside of an entry of default must result in greater harm than

8    simply delaying the resolution of the case." *TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at

9    463); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). "Merely being

10   forced to litigate on the merits cannot be considered prejudicial" for purposes of setting aside the

11   default. *TCI Grp.*, 244 F.3d at 701.  Rather, the standard is "whether [a plaintiff's] ability to pursue

12   his claim will be hindered." *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be

13   considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased

14   difficulties of discovery, or greater opportunity for fraud or collusion").

15       Defendants contend that Plaintiff will not suffer prejudice if their motion to set aside is

16   granted and "even if there is prejudice, it is far outweighed by the prejudice Defendants[] will suffer

17   if default is not set aside" as Defendants "will almost certainly be bankrupt for claims that are not

18   as factually true" as Plaintiff alleges. (Doc. 37-1 at 6).  Defendants contend that if the default is set

19   aside, McGinnis "merely carries on without the handsome judgment that a default in this action

20   would grant her. (*Id.*).

21       Plaintiff argues it will be prejudiced if the default judgment is set aside because it "will

22   afford Defendants the opportunity to move and hide assets to evade enforcement of the

23   judgment[.]" (Doc. 39 at 5-6) (citing *Franchise Holding II, LLC. v. Huntington Restaurants Grp.,*

24   *Inc.*, 375 F.3d 922, 926-27 (9th Cir. 2004)).  Plaintiff contends "[t]he Salazars have international

25   connections and travel frequently to Mexico" and Plaintiff therefore has legitimate concerns "about

26   whether Defendants will cooperate with the judgment given their behavior to date." (*Id.* at 5).

27   Plaintiff further contends that enforcement of the injunctive relief protects other women from being

28

1    subjected to sexual harassment in their homes, "will bring closure to Ms. McGinnis, and will protect

2    others from harm."  (*Id.* at 6).

3         Here, the record is inadequate to support Plaintiff's assertion that setting aside default

4    judgment would result in prejudice by affording Defendants the opportunity to move and hide assets

5    to evade the enforcement of judgment.  The undersigned acknowledges that if the default judgment

6    were set aside and the Court were to reopen this case, Plaintiff would undoubtedly be

7    inconvenienced given it relies on the enforcement of the injunctive relief to "bring closure to Ms.

8    McGinnis" and otherwise would be delayed in the resolution of its case.  However, the passage of

9    time and the challenges inherent in evading discovery and enforcing a judgment standing alone

10   ordinarily do constitute cognizable prejudice.  *See Francois & Co., LLC v. Nadeau*, 334 F.R.D.

11   588, 599 (C.D. Cal. Apr. 7, 2020).  Thus, the undersigned finds this factor neutral to setting aside

12   the default judgment.

13                              *       *       *       *       *

14        Having found that two of the three *Mesle* factors (culpable conduct and lack of meritorious

15   defense) weigh in favor of maintaining the default judgment, the undersigned will recommend that

16   Defendants' motion be denied.   *See Brandt*, 653 F.3d at 1111; *Aguilar*, 782 F.3d at 1105; *Mesle*,

17   615 F.3d at 1091.

18

19

20                         *Remainder of This Page Intentionally Left Blank*

21

22

23

24

25

26

27

28

12

1    **IV.    Conclusion and Recommendation**

2         For the reasons set forth above, the undersigned RECOMMENDS that Defendant's motion

3    to set aside default judgment (Doc. 37) be DENIED.

4         These Findings and Recommendations will be submitted to the United States District Judge

5    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after

6    being served with a copy of these Findings and Recommendations, a party may file written

7    objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to

8    Magistrate Judge's Findings and Recommendations."  The Court will not consider exhibits attached

9    to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page

10   number.  A party's failure to file any objections within the specified time may result in the waiver

11   of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

12   IT IS SO ORDERED.

13   Dated:    **April 23, 2025**

14                                         UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13